## H. Sallee, Plaintiff in Error, v. Charles Werner and Fred W. Long, Defendants in Error.

1. PAYMENT—*recovery back.* A person entering into a recognizance for the appearance of certain defendants may recover back money paid by him to a sheriff for the return of such defendants from another state where such sheriff returned the defendants by virtue of a requisition obtained from the governor and received the compensation therefor allowed by law, it appearing that the whole transaction was a fraudulent scheme to procure double compensation.

2. BAIL—*arrest by surety.* A person entering into a recognizance for the appearance of certain defendants has power to arrest and return such parties wherever they may be found even though they be in another state.

3. BAIL—*arrest in foreign state.* Where a sheriff has a certified copy of a recognizance for the appearance of certain defendants, no requisition is necessary for the arrest and return of such defendants who have gone to another state.

4. BAIL—*authority to arrest.* A person who has entered into a recognizance for the appearance of certain defendants may authorize any person to arrest and return such defendants who have gone to another state on furnishing a certified copy of such recognizance together with the authority to act in that capacity.

Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed April 11, 1912.

S. H. CUMMINS, for plaintiff in error.

A. M. FITZGERALD, for defendant in error; GILLESPIE & FITZGERALD, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff in error brings this action against Charles Werner, sheriff of Sangamon County, and one Fred W. Long, his deputy, to recover money which it is claimed the sheriff has illegal y collected, as such sheriff, from the plaintiff. The c laration consists of the

common counts, to which defendants filed pleas of general issue and of tender. At the close of plaintiff's evidence, on its own motion, the court instructed the jury to find the issues for the plaintiff and assess his damages at thirty dollars and eighty cents, the amount of the tender, and rendered judgment on this verdict, from which plaintiff prosecutes this writ of error.

The only evidence heard by the court was that of the plaintiff, and it must be taken as true with all the inferences and intendments that may properly be drawn therefrom.

The evidence discloses that plaintiff entered into recognizance in the Circuit Court of Sangamon County for the appearance of two defendants, E. C. Geiss and W. H. Holford, who had been indicted for burglary and larceny. After these parties had been released on this recognizance and before their case had been set for trial, they entered into an arrangement with their attorney, Bierman, with the consent of plaintiff, whereby they were permitted to go to Flora, Illinois, for the purpose of securing employment, with the promise that they were to return to Sangamon County for trial when requested by their attorney. After the parties had gone to Flora, the defendant Fred W. Long went to the plaintiff and informed him that the sheriff had sent him and requested plaintiff to call on the sheriff. In this conversation it developed that the sheriff had ascertained that plaintiff had entered into recognizance for the appearance of these two men, and Long then informed plaintiff that he had inside information, the source of which he would not disclose, that Geiss and Holford had gone to Huntington, Indiana; that they were intending to go to the State of Texas, and informed plaintiff that if they went to the State of Texas he would lose the one thousand dollars for which he had entered into recognizance for their appearance. Long also informed plaintiff that Huntington was eight hundred miles from Springfield, that

the necessary expense for returning these parties to Sangamon County and placing them in jail would be one hundred and fifty dollars, that if plaintiff would furnish the sheriff with this amount he would send to Huntington and bring back the men and save plaintiff any further loss by reason of his having become security for Geiss and Holford. Plaintiff replied that he did not think the parties were intending to go away, he had confidence in them, and did not care to expend one hundred and fifty dollars to bring them back, that he did not have the money for that purpose, that the case against the parties had not yet been set for trial and he believed when it was they would return, and declined to furnish the one hundred and fifty dollars. Long informed plaintiff that if the money was not furnished he would see that the case was set down for trial. Defendant Long and plaintiff had a subsequent conversation in which Long repeated, in substance, his conversation previously had. Plaintiff finally yielded and furnished the sheriff of Sangamon County, through Long, with one hundred and fifty dollars for the purpose of paying the expense of returning these parties to Springfield. After securing one hundred and fifty dollars from the plaintiff, defendants without the knowledge of plaintiff secured from the governor of Illinois a requisition upon the governor of Indiana, requesting the return of these parties as fugitives from justice.

Paragraphs 305-308, Ch. 38, Hurd's Revised Statutes, 1909, provided how and in what manner persons who are under bonds for their appearance in court may be apprehended in this state and surrendered to the proper authorities, but until the parties entering into such security had forfeited their recognizance they were entitled to retain their liberty, unless sooner surrendered by their principal.

Sections 9, 10 and 11, Ch. 60, Hurd's Revised Statutes, 1909, provided the method and manner by which

fugitives from justice may be returned from another state.

Geiss and Holford, having secured plaintiff to enter into recognizance for their appearance in the Sangamon County Court, thereby placed themselves in his custody and by this act gave him authority to seize or arrest them at any time thereafter and return them to the authorities of Sangamon County, and all that was necessary to authorize them to so return these parties, whether they were in the State of Indiana or elsewhere, was a certified copy of the recognizance, or plaintiff could furnish to any agent he might select such copy of this recognizance, together with authority to act for him and thus secure the return of these parties to the authorities of Sangamon County. No requisition or other papers were necessary therefor. Taylor v. Taintor, 16 Wallace 366; 3 Am. & Eng. Enc. Law 708.

So far as this record discloses, however, defendants did not proceed to Indiana with a copy of this recognizance and written authority from the plaintiff authorizing them to return these parties, but instead thereof secured from the governor of Illinois a requisition on the governor of Indiana requesting the authority to return these parties to Sangamon County as fugitives from justice, and it was under and by virtue of this requisition that these parties were so returned, and after having returned them defendants presented a claim to the State of Illinois for such services, and collected the statutory fees and expenses therefor. When plaintiff ascertained that the sheriff had been paid by the state for this service, he demanded the return of his one hundred and fifty dollars. Replying to this demand, the sheriff informed him he did not know whether the state had paid for this service or not, that he would investigate, and if it had he would return plaintiff's money, that this was not the first instance of the kind with which Long had been connected.

If the defendants acted as officers of the law or as agent of the State of Illinois, under and by virtue of the authority of the requisition obtained from the governor of the State of Illinois in the return of these parties to Sangamon County, they were entitled to receive the compensation allowed by law therefor, and having collected that compensation from the State of Illinois they are estopped to deny that they acted in that capacity and having received the compensation allowed by law for such service, they will not be permitted to collect extra compensation therefor from private parties. Hogan v. Stophlet, 179 Ill. 150.

We are compelled, from this record, to arrive at the conclusion that the defendants entered into an unlawful and fraudulent scheme to secure from the plaintiff one hundred and fifty dollars paid to them by him, and that the payment was not made voluntarily by plaintiff but was paid to defendants as a fee *colore offici,* and that plaintiff is entitled to recover the money so paid to defendants.

The defense was made in the court below and the court directed a verdict on the theory that defendants acted as officers of the law and were entitled to the fees allowed by statute, and that plaintiff in error was liable therefor, but in this court the defense is shifted to the theory that defendants were acting as the agent of plaintiff in error, but, on this record, the judgment cannot be sustained on either theory.

The trial court erred in directing a judgment against the defendants for thirty dollars and eighty cents, and the judgment of that court is reversed and the cause remanded.

*Reversed and remanded.*